IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **KELLY SCHULTZ,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SKYROCKET MEDIA, LLC,** a Utah limited liability company,<br><br>*Defendant.* | Case No. |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Kelly Schultz ("Schultz" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant SkyRocket Media, LLC ("SkyRocket Media" or "Defendant") to stop Skyrocket Media from violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). Skyrocket Media has sent unsolicited, autodialed text messages to consumers, including to consumers like Plaintiff Schultz who have registered their phone numbers on the national Do Not Call Registry ("DNC"). Plaintiff, on behalf of herself and all others, seeks injunctive and monetary relief for all persons similarly injured by Skyrocket Media's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### INTRODUCTION

1. Skyrocket Media is a lead generation company which captures leads and sells them to other companies.

2. Skyrocket Media also operates a subsidiary called Skyrocket Network, LLC, which is a lead generation network that pays affiliates to generate leads on its behalf and on behalf of its publishers.

3. Skyrocket Media, either directly or through its affiliates, sends text message solicitations without first obtaining any consent from the consumer, let alone prior express consent as required by the TCPA.

4. To make matters worse, Skyrocket Media sends these solicitation text messages to consumers who registered their phone numbers on the National Do Not Call Registry for the specific purpose of avoiding these types of unwanted marketing solicitations.

5. To avoid suspicion of its illegal text message telemarketing, Skyrocket Media has created a series of different websites to solicit memberships while at the same time hiding its identity in an attempt to shield itself of liability for violating the TCPA.

6. In Plaintiff's case, Skyrocket Media sent at least two autodialed text messages to her cellular phone without having her consent and despite the fact that Plaintiff had registered her phone number on the DNC list more than 30 days prior to receiving the text messages.

7. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief requiring Skyrocket Media to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, and to other phone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes.

**PARTIES**

8. Plaintiff Schultz is a resident of Zimmerman, Minnesota, which is located in Sherburne County.

9. Defendant Skyrocket Media, LLC is a Utah limited liability company. Skyrocket Media does business throughout this District, the State of Minnesota, and throughout the United States.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. The Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), *et seq.* because there are over 100 members of the alleged classes, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. Further, none of the exceptions to CAFA apply.

11. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does business in this District and directed the wrongful conduct giving rise to this case in this District.

## COMMON ALLEGATIONS

**Defendant Sends Text Messages Directly and/or Hires Affiliates to Send Text Messages Directing Consumers to Defendant's Websites**

12. Defendant Skyrocket Media, either directly, or through its affiliates directs telemarketers to send unsolicited text messages on its behalf and financially benefits from the marketing.

13. The Federal Communication Commission (FCC) has provided instructions stating that marketers such as Skyrocket Media may not avoid liability under the TCPA simply by outsourcing their telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly

be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as if often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC notes, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re Joint Petition Filed by DISH Network, LLC et al. for Declatory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, at ¶ 37 (201) ("FCC 2013 Ruling") (citations omitted).

14.     In addition to the above statement from the FCC, Skyrocket Media knowingly benefits from all of the marketing that is done on its behalf and has ratified any telemarketing.

**Plaintiff Received Unsolicited Autodialed Text Messages to Her Cell Phone Despite Being on the DNC List**

15.     On March 25, 2017, Plaintiff Schultz registered her cellular phone number on the DNC Registry to avoid receiving unwanted phone and text solicitations.

16.     Her cellular phone number is not associated with a business and is for personal use.

17.     On February 21, 2019 at 3:30 PM, Schultz received an unsolicited autodialed text message from, or on behalf of, Defendant on her cellular phone from 402-922-9644:



18.     Clicking on the linke, dozzz.xyz/hhb7zb, leads first to omgxuta.com, which is believed to be a link tracking service, which then reroutes to newhome.esa-us.com:



19. At the newhome.esa-us.com domain, the consumer is provided with a short survey regarding rent-to-own properties. When the survey is completed, the consumer is routed directly to ViewForeclosureHomes.com, a website owned by Defendant Skyrocket Media.[2]

20. On March 24, 2019 at 10:00 AM, Schultz received a second autodialed text message on her cellular phone from, or on behalf of, Skyrocket Media, this time supposedly from the phone number 833-869-4183:



21. Clicking on furnished4clsdhomes.pw routes directly to https://eaze-listings.com/img/?aff_id=10&source=ED-CVSeeps-1-4-5:

```
▶ 🌐 http://furnished4clsdhomes.pw
▶ 🔒 https://static.asm.skype.com
▶ 🔒 https://nimbus.bitdefender.net
▶ 🔒 https://static-asm.secure.skypeassets.co
▶ 🔒 https://uib.ff.avast.com
▶ 🔒 https://db4-client-s.gateway.messenger.
▶ 🔒 https://eaze-listings.com                3
```

22. At the eaze-listings.com domain, the consumer is provided with a short survey regarding rent-to-own properties. When the survey is completed, the consumer is taken directly to Skyrocked Media's website: ViewForeclosureHomes.com—just like the first text message.

---

[1] Screenshot from Charles, a link tracking program
[2] https://www.linkedin.com/in/onlinemarketingchick/
[3] Screenshot from Charles, a link tracking program

23. Plaintiff has never had a relationship with Skyrocket Media and has never provided Skyrocket Media express written consent to contact her.

24. Plaintiff Schultz was not looking for a rental property or rent-to-own opportunity at the time she was called.

25. The unauthorized text messages sent by Skyrocket Media, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasions of privacy. They have also disturbed Schultz's use and enjoyment of her cellular phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone. Text messages ring or vibrate alerting the phone user of their receipt. These messages interfere with and interrupt a user's experience, resulting in further annoyance and invasions of privacy.

26. In addition, Defendant violated the DNC rules by sending 2 solicitation text messages within a 1-year period to Plaintiff's phone number, which had been registered on the Do Not Call registry for at least 30 days.

27. Seeking redress for these injuries, Schultz, on behalf of herself and two Classes of similarly situated individuals, brings suit under the TCPA which prohibits unsolicited autodialed text messages to cellular telephones, including solicitation text messages to a phone number protected by the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims**

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

**Autodialed No Consent Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) placed text message calls, (2) to the person's cellular telephone number, (3) using the text messaging platform Defendant used to place text message calls to Plaintiff, (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time; (2) within any 12-month period (3) where the person's telephone number had been listed on the DNC for at least thirty days; (4) for the same reason that Defendant texted Plaintiff; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff.

29. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

30. **Numerosity**: On information and belief, there are hundreds if not thousands of members of the Classes such that joinder of all members is impracticable.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

(b) whether Defendant sent unsolicited text messages to phone numbers registered on the DNC;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether Defendant's system is an ATDS, and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227, et. seq.)**
**(On Behalf of Plaintiff and the Autodial No Consent Class)**

34. Plaintiff repeats and realleges paragraphs 1 through 33 of this Complaint and incorporates them by reference.

35. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

36. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

37. The text messages were sent using an automatic telephone dialing system ("ATDS"). Defendant used technology that had the capacity to randomly generate and store numbers and dial them from a pre-loaded list. The equipment shared characteristics of a predictive dialer and allowed for the sending of text messages *en masse* without sufficient human intervention. When the 402-922-9644 number is dialed, a pre-recorded message is heard. When the 833-869-4183 number is dialed, an error message is displayed indicating that it is an invalid number. Both facts support that an ATDS was used to send the texts. Further discovery is needed regarding Defendant's system as only defendant possesses such information.

38. Defendant failed to obtain prior express consent of any kind. There was no oral consent, and Defendant failed to obtain any written consent required under the TCPA or otherwise.

39. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, et. seq.)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

40. Plaintiff repeats and realleges the paragraphs 1 through 39 of this Complaint and incorporates them by reference.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[4]

43. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

---

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government, for at least 30 days.

46. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one phone call/text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and are entitled to between $500 an $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Skyrocket Media, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above, and appointing Plaintiff as the representative of the Classes and her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs to be paid into a common fund for the benefit of the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

    e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Kelly Schultz requests a jury trial.

Respectfully Submitted,

**KELLY SCHULTZ**, individually and on behalf of those similarly situated individuals

Dated: November 17, 2020

By: __/s/ *Ryan Peterson*__
Peterson Legal, PLLC
5201 Eden Avenue, Suite 300
Edina, Minnesota 55436
ryan@peterson.legal
Telephone: (612) 367-6568
Facsimile: (612) 295-0415

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*